IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re the Bankruptcy of

LINDA MUELLER,

        Debtor.

- - - - - - - - - - - - - - - - - - - - - - -

LINDA MUELLER,

                                                  ORDER

                  Appellant,

                                                09-cv-137-bbc

    v.

BANK ONE, N.A. and
WILLIAM A. CHATTERTON,
CHAPTER 13 TRUSTEE,

                Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an appeal from an order of the United States Bankruptcy Court for the Western District of Wisconsin, brought pursuant to 28 U.S.C. § 158(a). Although the appeal was filed in March 2009, this case has not progressed much past the filing of the appeal. A discussion of the appeal's six-month life is in order.

1

After debtor-appellant Linda Mueller's appeal was filed, this court set a briefing schedule, with March 25, 2009 as the deadline for appellant to file her brief in support of her appeal. On March 25, 2009, appellant's attorney at the time, Wendy Alison Nora, filed a motion to stay the appellate proceedings pending a determination by the bankruptcy court on a motion to appoint a guardian ad litem for appellant. Dkt. #2. The motion to stay was granted on April 14, 2009. Dkt. #8. Nonetheless, no guardian ad litem was ever appointed. Instead, on April 20, 2009, Nora filed a motion to withdraw as counsel because that same day, the bankruptcy court granted appellant's request to discharge Nora as her counsel.

On June 11, 2009, this court set a new briefing schedule, setting June 26, 2009 as the new deadline for appellant to file her brief in support of her appeal. On June 26, 2009, appellant filed a motion for an extension of time to file her brief in support. Dkt. #13. Appellant's extension was granted and the new deadline for her brief in support of her appeal was set as July 17, 2009. Dkt. #14. Although July 17, 2009 arrived, appellant did not file a brief. Instead, she filed a letter asking for an additional extension, dkt. #15, noting that she was having difficulty obtaining a lawyer to help her pursue her appeal because "[i]t is difficult to ascertain what Attny. Nora intended with her original filings, which were done without my knowledge or consent." Id.

On July 21, 2009, appellee Bank One, N.A. filed a motion to dismiss appellant's appeal for appellant's failure to file a brief in support of her appeal in accordance with Fed.

2

R. Bankr. P. 8009 and this court's briefing schedules. On July 23, 2009, Nora filed a motion for leave to file an amicus curiae brief. Dkt. #21. Magistrate Judge Crocker granted Nora's motion and she filed an amicus curiae brief on August 3, 2009. Dkt. #27.

On August 26, 2009, Magistrate Judge Crocker held a telephonic status conference. Appellant did not call in to participate in the conference. Magistrate Judge Crocker gave her "one last opportunity to respond [by September 4, 2009] in opposition to the appellee's motion to dismiss her appeal." Dkt. #30 at 2. On September 4, 2009, appellant filed a letter stating:

> I hereby declare that I oppose the motion to dismiss brought by appellee's attorney. At this time I am joining in the Amicus Curiae Brief filed by Attorney Wendy Alison Nora on August 3, 2009.

Dkt. #31.

Under Fed. R. Bankr. P. 8009, there are no sanctions listed for a party's failure to comply with the rule, that is, for failing to file a timely brief. Although dismissal of a case as a sanction for failing to follow procedural rules or missing deadlines is a "harsh penalty," it is permissible. Collins v. Illinois, 554 F.3d 693, 696 (7th Cir. 2009). In this case, dismissal is not proper at this time. Accordingly, appellee's motion to dismiss will be denied.

Although appellant's appeal is six months old and she has still failed to file any brief supporting her appeal, she is proceeding pro se. As the magistrate judge noted, this court makes all reasonable efforts to provide pro se litigants a fair opportunity to be heard. Thus,

appellant will be afforded one final opportunity to file a supporting brief.  However, appellant's final opportunity comes with a warning:  she will not receive any further extensions.  Should she fail to file a brief in support of her appeal by October 21, 2009, her appeal will be dismissed.  Appellant has now had the briefing deadline extended three separate times.  "Courts cannot operate without setting and enforcing deadlines."  Gross v. Town of Cicero, Illinois, 528 F.3d 498, 499-500 (7th Cir. 2008).  Continuing to permit extensions would inconvenience and prejudice appellee, who must continue to monitor and defend this case.

As for the amicus brief in this case, it is unclear what appellant's "joining" of the brief means.  It is possible that appellant is offering Nora's amicus brief as her own.  This is problematic for two reasons.  First, Nora filed the brief in an attempt to provide background on "key issues in this case" and noted that the brief "will not address any issues brought on appeal . . . ."  Dkt. #27 at 2.  The brief is filled predominantly with background facts regarding the bankruptcy proceedings leading up to the current appeal, such as Nora's belief that appellee Bank One does not exist and that the bankruptcy court treated a motion to vacate as a motion for reconsideration.  The brief also raises three issues regarding whether this case should be remanded to the bankruptcy court for a "full" evidentiary hearing.  However, it is unclear what exactly appellant is appealing.  Thus, standing alone, the brief would not serve appellant's interests in her appeal.

4

Second, it is perplexing that appellant specifically requested that Nora be discharged as her counsel and told the court that Nora filed the appeal "without her knowledge or consent," dkt. #15, and yet now joins Nora's amicus brief. It is questionable whether under such circumstances appellant should be permitted to adopt her discharged attorney's amicus brief as her own. Further, Nora has made it clear that she is not a disinterested party in appellant's appeal, as she is an administrative claimant and a plaintiff in an adversary proceeding to have assets turned over to appellant's bankruptcy estate. Therefore, appellant's "joining" of Nora's amicus brief does not satisfy the requirement that she file a brief in support of her appeal. The amicus brief contains many facts that may prove relevant to appellant's appeal and that she may use as a starting point in creating a brief in support of her appeal, but to avoid dismissal, she must file her own brief in support no later than October 21, 2009.

## ORDER

IT IS ORDERED that

1. Appellee Bank One, N.A.'s motion to dismiss, dkt. #17, is DENIED;

2. As amended, under the new briefing schedule

    a.    Appellant's brief is support is due by October 21, 2009;

    b.    Appellee's brief in opposition is due by November 2, 2009;

5

   c. Appellant's brief in reply is due by November 10, 2009;

3. Appellee Linda Mueller's failure to file a brief in support of her appeal by October 21, 2009 will result is dismissal of her appeal.

Entered this 5th day of October, 2009.

        BY THE COURT:

        /s/

        _____
        BARBARA B. CRABB
        District Judge