IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re the Bankruptcy of

LINDA MUELLER,                                                      OPINION and ORDER
                                                                                  09-cv-137-bbc

              Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - -

LINDA MUELLER,

              Appellant,

      v.

BANK ONE, N.A. and
WILLIAM A. CHATTERTON,
CHAPTER 13 TRUSTEE,

              Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Debtor-appellant Linda Mueller appeals from an order of the bankruptcy court, contending that it erred in denying her Fed. R. Civ. P. 60(b) motion for relief from an order lifting the automatic stay in bankruptcy.  Because the bankruptcy court had good reasons for denying the motion, including appellant's failure to appear at the hearing to lift the stay,

1

I will affirm its denial of the motion.

This appeal has been slow to get off the ground. It was not until October 22, 2009, seven months after appellant filed the appeal, that she filed a brief in support of her appeal. Dkt. #33. Although she had listed 18 issues in her notice of appeal, she argued only one in her brief: her alleged overpayment of her mortgage debt to appellee Bank One, N.A., and therefore waived the other issues. Appellant's pro se status does not relieve her of the obligation to explain why she thinks she is entitled to relief on the claims she raised in her appeal, if in fact she intends to pursue them. E.g., Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001) ("We too construe pro se filings liberally, but still we must be able to discern cogent arguments in any appellate brief, even one from a pro se litigant."); see also Mathis v. New York Life Ins. Co., 133 F.3d 546, 548 (7th Cir. 1998) ("'A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point. We will not do his research for him.'") (quoting Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990)).

BACKGROUND

Appellant Linda Mueller filed a Chapter 13 plan in bankruptcy on November 7, 2003, dkt. #1, at 20, that was confirmed on February 4, 2004. Id. at 61. At three different times during the life of the plan, one of her creditors, Bank One, filed for relief from the

2

automatic stay on the ground that it had not been paid the money appellant owed for arrearages in her home mortgage payments that predated the plan's confirmation. On the first two occasions, the parties subsequently entered into stipulations for the payments. On October 28, 2008, Bank One wrote the bankruptcy court a third time seeking relief from the stay because the mortgage payments were not current. Id. at 82. The bankruptcy court set a hearing on the bank's motion for November 24, 2008. Appellant's counsel failed to appear and the court granted Bank One's motion for a lifting of the stay. Id. at 86.

On November 25, 2008, appellant's counsel wrote to the bankruptcy court to say that she thought she had filed an electronic response on October 25 to Bank One's request for a hearing, but had discovered that the letter was never received. Id. at 88. She stated that she would be filing a motion for relief from the lifting of the stay, which she did on November 26, 2008. Dkt. #1 at 51-52. She explained that she had been out of town from October 30-November 2, 2008, that she had returned to find her electronic in-box filled with notices and that she did not realize that one was from the bankruptcy court, notifying her of the November 24, 2008 hearing.

On December 4, 2008, the Chapter 13 trustee filed a report on appellant's plan, noting that appellant had not completed it within the time limits prescribed by 11 U.S.C. § 1322(d), and seeking a reconversion of the plan to Chapter 7. Id. at 96.

On December 22, 2008, the bankruptcy court held a hearing on appellant's motion

for relief at which counsel for both parties appeared. The bankruptcy court denied appellant's motion, reasoning that because appellant's Chapter 13 plan was about to expire under the provisions of 11 U.S.C. § 1322(d), having reached the end of its maximum five-year life, it made little sense to reinstate the stay for one month or less. It added that the denial of the motion would not prejudice appellant because her dispute with Bank One concerned the proper crediting of her mortgage payments, rather than any need to be protected by the terms of a bankruptcy stay. Dkt. # 6, at 7. Appellant's counsel expressed concern that the lifting of the automatic stay would leave Bank One free to renew its five-year old foreclosure proceeding against appellant but the bankruptcy court thought this concern unrealistic. Not only did the entire payment dispute involve only $336 but the bankruptcy court thought it implausible that a state court would confirm a five-year-old foreclosure action. Id. at 7, 10.

### A. Standard of Review

District court review of a bankruptcy court's denial of relief under Fed. R. Civ. P. 60(b), incorporated in Bankruptcy Rule 9024, is limited to determining whether there has been an abuse of discretion. Matter of Childress, 851 F.2d 926, 928 (7th Cir. 1988). This is an "extremely deferential" standard of review. Eskridge v. Cook County, 577 F.3d 806, 808 (7th Cir. 2009) (citation omitted). A court "abuses its discretion only when no

4

reasonable person could agree with the decision to deny relief." Id. (internal quotation omitted).

### B. Automatic Stay

Filing a petition for bankruptcy triggers the automatic stay provisions of 11 U.S.C. § 362. In re Radcliffe, 563 F.3d 627, 630 (7th Cir. 2009). The stay "prevents all pre-petition creditors from taking any action to collect their debts . . . . even if the creditor has a mortgage." Matter of Vitreous Steel Products Co., 911 F.2d 1223, 1231 (7th Cir. 1990). Although a stay may be terminated or lifted for "cause," 11 U.S.C. § 362(d)(1), the stay also terminates if the case is closed, dismissed or a discharge is granted or denied. § 362(c)(2). In a Chapter 13 bankruptcy case, the debtor receives a discharge "as soon as practicable after completion by the debtor of all payments under the plan." 11 U.S.C. § 1328(a). A debtor must complete his or her Chapter 13 plan within 5 years after the first payment is due under the confirmed plan. 11 U.S.C. § 1329(c)).

---

### C. The Appeal

Appellant focuses her appeal on the merits of Bank One's claim for mortgage payments and arrearages. She makes no mention of any disagreement with the bankruptcy court's December 22, 2008 order denying her motion for relief from the order lifting the

5

automatic stay, dkt. #1 at 133-135, apparently not realizing that the latter issue is the only one that is appealable.  The issue of her mortgage payments was not before the bankruptcy court when it ruled on her motion for relief from the order lifting the stay.  The court tried to make that clear to appellant's attorney, when she persisted in talking about a refund for overpayment:

> All you're here on today is on this motion [for relief from the order lifting the automatic stay] and the motion has been denied.  I will not reconsider the determination that was made previously on the stay.  What you do now is really up to you.

Dkt. #6 at 10.  Harsh as this ruling may seem to appellant, it was a reasonable one. Hearings on motions to lift an automatic stay are "limited strictly to adequacy of protection, equity, and necessity to an effective reorganization."  Vitreous Steel Products Co., 911 F.2d at 1232.  Appellant did not raise any of those matters at the December 22 hearing before the bankruptcy court.  Therefore, she cannot argue them in the context of this appeal.  In re Image Worldwide, Ltd., 139 F.3d 574, 582 (7th Cir. 1998) ("Arguments not presented to the bankruptcy court are waived on appeal.").

Had appellant appealed from the order entered by the bankruptcy court on March 23, 2009, denying the objections she filed to Bank One's claim, the issue could be considered.  She never did so.  She filed objections to the claim at some time after December 22, 2008, but no hearing was held on this objection until March 23, 2009, three months

6

after she had filed this appeal. Alternatively, appellant could have appealed from the bankruptcy court's December 4, 2008 order, granting Bank One's motion for relief from the automatic stay to obtain a review of the merits of that decision. Instead, she appealed the denial of her Rule 60(b) motion, which means that she can prevail only by showing that the bankruptcy judge abused his discretion in finding that appellant had not shown excusable neglect or mistake in failing to appeal at the hearing on objections to Bank One's motion to lift the stay. Relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." Eskridge, 577 F.3d at 809 (internal quotation omitted). Thus, appellant faces a high hurdle.

In arguing her motion for relief from the lifting of the automatic stay, appellant relied on her attorney's failure to read two emails from the bankruptcy court regarding Bank One's request, one of which was the notice that a hearing on Bank One's request would be held on November 24, 2008. Dkt. #1 at 102-105. Counsel explained that she was out of town and unable to check her email between October 30, 2008 and November 2, 2008 and that she had received a high number of emails during that time. For that reason, she said, "she simply did not see the October 29, 2008 and November 3, 2008 notices from the Court." Id. at 103.

"Attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1)." Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004). However, "attorney inattentiveness to

7

litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." Id.  Understandable as it might be that counsel was "buried" in emails for a period of time, she took control of the spamming when she returned on November 2.  Inexplicably, however, she never checked the courts in which she had litigation pending to be sure that she had not lost an important email.

Under the circumstances, I cannot say that the bankruptcy judge abused his discretion when he denied appellant's motion for relief from the lifting of the stay.  Her counsel's oversight does not constitute the type of exceptional circumstance that would support a grant of relief under Rule 60(b).  E.g., In re Wilson, 349 B.R. 831, 834-35 (Bankr. D. Idaho 2006) (no mistake or excusable neglect under Rule 60(b)(1) where debtor's failure to respond to motion from relief from stay was result of his decision not to retrieve his mail, regardless whether his mail "had lately consisted of 'junk and bills' and he was not expecting to receive anything of importance").

It is possible that the bankruptcy judge would have taken a different view of counsel's explanation had the stakes been higher than they were for appellant.  The reality is that, in her situation, it made little difference whether the court excused her counsel's oversight or not.  Even if he had excused it, the stay would have expired with her Chapter 13 plan, which had only a month left to run.

In addition to arguing excusable neglect under Rule 60(b)(1), appellant raised an

8

argument under subsection (6) of Rule 60(b), arguing that she should be provided relief from the order lifting the stay because she was not in default on any mortgage payments, contrary to what Bank One had alleged in seeking a lifting of the stay. Dkt. #6 at 6. Subsection (6) includes a catchall provision that allows relief from a final order for "any other reason that justifies relief," but the bankruptcy court decided, correctly, that appellant's concern about the status of her mortgage payments was irrelevant to whether the stay should be reinstated. He was confident that any dispute over mortgage payments could be litigated in state court, if further litigation were even necessary.

The bankruptcy court noted that whether it ordered the stay lifted or reinstated, it was set to terminate within the next month, at the latest. Either appellant was due a discharge for having completed the payments for her plan, as her attorney contended, or her plan would expire in the near future at the end of her five year period to complete her plan. Id. Either way, the bankruptcy court found no reason to reinstate the stay. It explained that

> what I'm concerned with is the fact that this case has already exceeded five years on the plan and plans can only go five years. It's only by the grace of whoever has the grace that the plan is still even around here. And if it were concluded, as it must be within 60 months, then there would be no stay. So I'm not much inclined to grant a motion to reinstate a stay which ought to be done anyway.

Dkt. #6 at 8-9. Thus, even under Rule 60(b)'s catchall provision, the bankruptcy court was not unreasonable in deciding to deny appellant's motion in the absence of any "exceptional" circumstances justifying the "extraordinary" relief provided by Rule 60(b).

Under abuse of discretion review, the question is not whether I might have decided differently, but whether the bankruptcy court's decision was unreasonable. I conclude that appellant has not shown that it was.

ORDER

IT IS ORDERED that the decision of the United States Bankruptcy Court for the Western District of Wisconsin to deny debtor-appellant Linda Mueller's Rule 60(b) motion for relief from the order lifting the stay is AFFIRMED.

Entered this 29th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge